UATIME LEILUA, Plaintiff

v.

TAVITA ALI'ITAEAO, LYDIA AMISONE, and
NATIONAL PACIFIC INSURANCE CO., Defendants

LAUMATA FAIFAIESE, Plaintiff

v.

LYDIA AMISONE, TAVITA ALI'ITAEAO, and
NATIONAL PACIFIC INSURANCE CO., Defendants

High Court of American Samoa
Trial Division

CA No. 127-91
CA No. 57-92

January 12, 1993

Before KRUSE, Chief Justice, MATA'UTIA, Associate Judge,
BETHAM, Associate Judge.

Counsel: For Plaintiff Uatime Leilua, Charles V. Ala-ilima
 For Plaintiff Laumata Faifaiese, Asaua Fuimaono
 For Defendants, Roy J.D. Hall, Jr.

 These separate actions arose out of the same incident and were
thus consolidated for trial. Plaintiffs, Uatime Leilua and Laumata
Faifaiese, were injured after their vehicle was involved in a front-end
collision with another vehicle, driven by defendant Tavita Ali'itaeo. The

accident occurred because the latter, an unlicensed driver, had rounded a blind curve on the wrong side of the road. The vehicle driven by Ali'itaeao belonged to his sister, defendant Rita Amisone. Amisone is here joined together with her insurer for compulsory third-party liability insurance, defendant National Pacific Insurance, pursuant to A.S.C.A. § 22.2018.[1] Unfortunately, Ali'itaea has since departed the territory, and nothing indicates that process has been served upon him. Thus, we presently lack *in personam* jurisdiction over this defendant.

The evidence shows that Ali'itaeao, a student from Manu'a, was at all relevant times living here on Tutuila with Amisone and her family while he attended high school. The Amisones are a two-car family; however, on the day in question, Mrs. Amisone and her husband had taken one car to work while leaving the other parked next to the house. Shortly after they had left that morning, Ali'itaeao somehow obtained the keys to this other car and drove away. He later ran into plaintiffs' vehicle.

Mrs. Amisone testified that she had neither authorized Ali'itaiao's taking of the vehicle that morning nor had she ever allowed him to drive the vehicle before. She emphasized her awareness of the fact that her brother did not have a driver's license. She further testified that she kept the vehicle's keys in her desk in the bedroom; however, she also stated that she had left the bedroom door unlocked so that her children would have access to a refrigerator located there.

The insurer contests liability on the ground that the Ali'itaeao was not a permittee of its insured, Amisone, and hence was not an additional insured under the provisions of the compulsory insurance statute, A.S.C.A. §§ 22.2001 *et seq.*

### DISCUSSION

Compulsory insurance covers the named insured as well as "any other person who uses the [insured's] vehicle . . . with the express or implied *permission* of the named insured. . ." A.S.C.A. § 22.2003(2). The issue here is whether there was "implied" permission within the

---

[1] A.S.C.A. § 22.2018 gives an injured automobile victim a right of direct action against the insurer, within the limits of the policy, and "[s]uch action may be brought against the insurer alone, or against the both the insured and insurer."

meaning of A.S.C.A. § 22.2003(2)--nothing in the evidence suggests express permission.[2]

Implied permission is inferential in nature and is usually shown by usage and practice of the parties over a sufficient period of time. 12 M. Rhodes, Couch on Insurance 2d, Automobile Insurance, § 45.353 (Rev. ed. 1981 & Supp. 1992); 7 Am. Jur. 2d, Automobile Insurance, § 252, at 826-27 (1980 & Supp. 1992) (citing a number of state cases). "It is permission which may be inferred from circumstances whereby the owner may be seen as having tacitly consented to the vehicle's use." *Maulupe v. American International Underwriters*, 12 A.S.R.2d 1, 4 (Trial Div. 1989). While the relationship between the vehicle's driver and owner is very important in determining the existence of implied permission,[3] the mere existence of a close family relationship does not of itself establish permissive use. 12 Couch on Insurance 2d, Automobile Insurance, § 45.357, at 709.

On the evidence, all that is before us is a family relationship between the owner of the vehicle and its operator. The evidence falls short in the way of attendant circumstances from which a conclusion of permissive use can be reasonably inferred. "Permission" is the statutory criterion for coverage, "and that fact must appear on the evidence in order to bring the wrongful acts of the driver within the coverage of compulsory insurance policies." *Sataua v. Himphill*, 5 A.S.R.2d 61, 68 (Trial Div. 1987). Therefore, we conclude that the complaint against

---

[2] Although plaintiff Laumata Faifaiese's complaint also alleges that his injuries were the proximate result of the vehicle owner's "gross negligence and reckless conduct," he tendered no proof to this effect or evidence to substantiate actionable conduct on the part of the vehicle's owner.

[3] If they are blood relatives, weaker evidence will support a finding of permission than if they were strangers or mere acquaintances. 7 Am. Jur. 2d, Automobile Insurance, § 252, at 828 (citing *Hardware Mutual Casualty Co. v. Home Indemnity Co.*, 50 Cal. Rptr. 508, 514 (App. Ct. 1966) (implied permission found in situation in which the car's owner was the driver's cousin)). Thus, "a family relationship, with its attendant familiarity, lends itself to an inquiry into past conduct and circumstances likely to show acquiescence, or lack of objection, tantamount to consent." *Toleafoa v. Sioka*, 5 A.S.R.2d 18, 21-22 (Trial Div. 1987).

defendants Amisone and National Pacific Insurance must be DISMISSED.

It is so ordered.

